IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IVERY T. WILLIAMS, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL CASE NO. 3:17-CV-1973-K-BK |
| § | |
| TEXAS BOARD OF PARDONS AND § | |
| PAROLE and RISSIE OWENS, § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to District Judge Kinkeade's *Order of Reference*, Doc. 20, and 28 U.S.C. §§ 636(b)(1)(B)&(C), Defendants' motions to dismiss under Federal Rule of Civil Procedure 12(c), Doc. 10 & Doc. 14, are before the Court for findings of fact and recommendations regarding the dispositions.  As explained below, the motions should be **GRANTED**.

**I.   PROCEDURAL HISTORY**

In June 2014, Plaintiff filed his original *pro se* petition in state court against Defendant Rissie Owens ("Defendant Owens") in her individual capacity as then-Chair of the Texas Board of Pardons and Paroles ("TBPP").  Doc. 1-5 at 2-16.  After amending his complaint several times and obtaining counsel, Plaintiff filed the operative Fourth Amended Petition in June 2017, adding TBPP as a Defendant.  Doc. 6-3 at 130-35.  Plaintiff alleges therein that, in 1965, he received a life sentence for two felony offenses.  Doc. 6-3 at 131.  He subsequently was paroled, but violated his parole by committing another felony for which he received a life sentence.  Doc. 6-3 at 131.  The latter sentence was to be served consecutively to the first, which Plaintiff claims is unlawful.  Doc. 6-3 at 131.  Specifically, Plaintiff contends that he was sentenced in 1965 under then-existing law, but the law was later modified, and the application of the modified

version of the law to him was both an *ex post facto* and double jeopardy violation.  Doc. 6-3 at 131.  He claims that, in effect, he ultimately served the same sentence twice and was required to serve 20 years before parole eligibility on his last felony, instead of being reviewed for parole on a yearly basis as with his first conviction.  Doc. 6-3 at 131.

Plaintiff alleges that Defendants thereby violated 42 U.S.C. § 1983 by depriving him of his rights under the Fourth, Fifth, and Fourteenth Amendments to the constitution.  Doc. 6-3 at 132-33.  He also raises state law claims for false imprisonment, intentional infliction of emotional distress, and negligence.  Doc. 6-3 at 133-34.  TBPP timely removed the case from state court to this Court, Doc. 1 at 2, and both Defendants now move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Doc. 10; Doc. 14.

## II.   APPLICABLE LAW

Rule 12(c) provides that "[a]fter the pleadings are closed –  but early enough not to delay trial – a party may move for judgment on the pleadings."  A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotation omitted).  "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (quotation omitted).  The court must construe pleadings liberally, and judgment thereon is only appropriate if there are no disputed issues of fact and only questions of law remain. *Id.*  In analyzing the plaintiff's complaint, the Court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Id.* at 312-13.  The pleading standard for a Rule 12(c) motion is the same as for a

motion to dismiss under Rule 12(b)(6).  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

**III.   ARGUMENTS AND ANALYSIS**

    A**.  TBPP**

    *i. Section 1983 Claims*

TBPP moves to dismiss all of Plaintiff's claims as frivolous.  Doc. 11 at 1.  First, TBPP argues, Plaintiff's section 1983 claims cannot succeed because a state agency is not considered to be a "person" for purposes of section 1983 and thus is not a proper party.  Doc. 11 at 2.  Plaintiff responds by arguing that, in essence, the case law upon which TBPP relies was wrongly decided, and dismissing TBPP on the basis of that law would be "a dangerous conclusion" and would violate the history and spirit of section 1983.  Doc. 17 at 3-7; Doc. 16 at 8.

The case on which TBPP relies provides full support for the proposition that the section 1983 claims in this case must be dismissed as to that entity.  *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70 (1989) (holding that section 1983 could not be used to sue "[s]tates or governmental entities that are considered 'arms of the state' for Eleventh Amendment purposes.").  The Court in *Will* concluded that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71.  Plaintiff's section 1983 claims against TBPP should thus be **DISMISSED WITH PREJUDICE**.  *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (per curiam) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

    *ii. Tort Claims*

Plaintiff's tort claims against TBPP fare no better.  TBPP contends that Plaintiff's claims are barred because, under Texas law, a governmental unit such as TBPP is immune from tort

liability unless the state has waived immunity. Doc. 11 at 2-4. Plaintiff responds that when the state removes a state-filed case to federal court, it waives its Eleventh Amendment immunity. Doc. 16 at 7-9.

In *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613 (2002), the Supreme Court held that when a state has statutorily waived its immunity from suit based on state law, it also waives its Eleventh Amendment immunity from suit on claims for monetary damages when it voluntarily removes the case to federal court. 535 U.S. at 619-20. Nevertheless, because the law of each state determines the nature of its immunities, it is possible that a state may retain a separate state immunity from *liability* despite waiver of its immunity from *suit*. Meyers ex rel. *Benzing v. Texas*, 410 F.3d 236, 252-53 (5th Cir. 2005). Indeed, Texas law provides that "sovereign immunity encompasses both immunity from suit and immunity from liability." *Brown & Gay Eng'g, Inc. v. Olivares*, 461 S.W.3d 117, 121 (Tex. 2015). In Texas, immunity from liability is waived only if either (1) the Legislature waived this immunity "by clear and unambiguous language," *DeWitt v. Harris Cty.*, 904 S.W.2d 650, 652 (Tex. 1995); or (2) the defendant failed to assert sovereign immunity as an affirmative defense, *Carty v. State Office of Risk Mgmt.*, 733 F.3d 553, 555 (5th Cir. 2013) (citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam)).

In Texas, the only areas of tort liability in which the state has explicitly waived immunity are (1) where injury is caused by an employee's use of a motor-driven vehicle within the scope of his employment; (2) injury is caused by a condition or use of tangible personal or real property; and (3) premise defects. Tex. Civ. Prac. & Rem. Code §§ 101.021, 101.022; *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002). None of Plaintiff's claims fall within any of these categories. Moreover, TBPP asserted sovereign immunity as an affirmative defense in

4

its answer to the operative complaint. Doc. 7 at 4. Accordingly, TBPP is immune from liability on Plaintiff's tort claims pursuant to Texas law, and those claims should be **DISMISSED WITH PREJUDICE**. *Carty*, 733 F.3d at 555; *McConathy*, 131 F.3d at 561-62.

### B. Claims Against Defendant Owens

*i. Section 1983 Claims*

Defendant Owens argues, *inter alia*, that Plaintiff's section 1983 claims are precluded by the doctrines of res judicata and collateral estoppel. Doc. 14 at 5-8. As a preface to this argument, Defendant Owens first notes the significant procedural history that predates the filing of the instant case, all of which relates to Plaintiff's allegations that his parole was miscalculated.[1] Doc. 14 at 2. *See Williams v. Dir. of TDCJ*, 6:01-CV-00543-WMS (E.D. Tex.) (section 2254 petition dismissed with prejudice on March 13, 2002); *Williams v. Owens*, No. 6:05-CV-00420-JDL (E.D. Tex.) (section 1983 action dismissed as frivolous on July 28, 2006); *Williams v. Quarterman*, No. 3:08-CV-00015-J-BB (N.D. Tex.) (section 2254 petition dismissed as impermissibly second or successive on Feb. 13, 2009); *Williams v. Owens*, No. 2:08-CV-00163-J-BB (N.D. Tex.) (section 1983 action dismissed without prejudice on Oct. 17, 2008); *Williams v. Owens*, No. 3:08-CV-01983-N (N.D. Tex.) (section 1983 action dismissed as barred by three strikes on Dec. 16, 2008); *Williams v. Owens*, No. 2:09-CV-00061-J-BB (N.D. Tex.) (section 1983 action dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) on May 22, 2009); *Williams v. of Dir. TDCJ*, No. 6:09-CV-00436-MHS-JKG (E.D. Tex.) (section 2254 petition dismissed as impermissibly second or successive on Dec. 7, 2009); *Williams v. Dir. of TDCJ*, No. 6:11-CV-244 (E.D. Tex.) (section 2254 petition dismissed as

---

[1] In addition to the cases that Defendant Owens found, the undersigned located many others.

impermissibly second or successive on Aug. 9, 2011); *Williams v. Owens*, No. 3:13-CV-04557-G-BH (N.D. Tex.) (section 1983 action dismissed with prejudice as frivolous on March 13, 2014); *Williams v. Owens*, No. 3:14-CV-02652-N-BN (N.D. Tex.) (section 2254 petition dismissed as impermissibly second or successive on Dec. 14, 2015). By no means is the above list exhaustive, however. A review of PACER reveals that Plaintiff has filed 42 cases within the Fifth Circuit's jurisdiction since 1988, most of which raise the same or similar issues that Plaintiff raises in this case. Moreover, Plaintiff unsuccessfully appealed his alleged illegally stacked sentence in state court where it ultimately was upheld by the *en banc* criminal appeals court. *Williams v. State*, 675 S.W.2d 754 (Tex. Crim. App. 1984) (*en banc*).

Citing two habeas cases filed by Plaintiff, Defendant Owens asserts that because he has sued her and her predecessor based on the same violations as he alleges in this suit, dismissal of his claims based on res judicata and collateral estoppel is warranted. Doc. 14 at 5-6. Plaintiff counters that neither of the cases to which Defendant Owens cites applies because they were habeas actions, not section 1983 actions, and he did not have the opportunity to fully and fairly litigate his civil rights claims in those actions. Doc. 17 at 9-12.

Application of the doctrine res judicata requires that: (1) the parties were identical in the two actions or the non-party's interests were adequately represented by a party to the prior action; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same cause of action was involved in both cases. *Eubanks v. F.D.I.C.*, 977 F.2d 166, 169-70 (5th Cir. 1992) (citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983) (en banc)). The test for application of collateral estoppel is similar and consists of the following three elements: (1) the issue to be concluded must be identical to that involved in the prior action; (2) in the prior action, the issue must have

6

been "actually litigated"; and (3) the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment. *Int'l Assn. of Machinists & Aerospace Workers v. Nix*, 512 F.2d 125, 131-32 (5th Cir. 1975).

There is little authority addressing what preclusive effect should be given to habeas proceedings in later civil actions, but the Court of Appeals for the Fifth Circuit held in one case that both principles barred a section 1983 suit based on the earlier ruling by a habeas court on the same issues. *Kyles v. Garrett*, 444 Fed. App'x 814, 815 (5th Cir. 2011) (upholding district court's grant of summary judgment in section 1983 action, where the court gave preclusive effect to habeas court's ruling, because the section 1983 action similarly challenged the constitutionality of a state parole procedure); *but see Hardwick v. Doolittle*, 558 F.2d 292, 295 (5th Cir. 1977) ("the doctrines of res judicata and collateral estoppel are not applicable in habeas proceedings.").

There is no need for this Court to address any inconsistency in this regard, however, because Plaintiff has filed at least one prior section 1983 case that provides an ample basis for the Court to conclude that the claims in this case are precluded. In *Williams v. Owens*, No. 6:05-CV-420-JDL (E.D. Tex. 2005) ("the 2005 Case"), Doc. 1 at 3-5, Plaintiff filed a section 1983 action against, *inter alia*, Defendant Owens, alleging that (1) TBPP miscalculated his parole eligibility date and denied him parole reconsideration for 20 years rather than conducting a yearly review; (2) the amended statute at issue was impermissibly applied to his case retroactively and significantly increased his sentence; and (3) TBPP stacked his sentence in violation of his constitutional rights. The District Court for the Eastern District of Texas dismissed Plaintiff's section 1983 claims, holding that TBPP's procedure did not violate due

7

process, equal protection, or the *Ex Post Facto* Clause.  No. 6:05-CV-420-JDL (E.D. Tex.), Doc. 4 at 4-6 & Doc. 53 (order adopting magistrate judge's recommendation).

Based on the doctrine of res judicata, that court's resolution of the 2005 Case precludes the present action.  First, the parties – Plaintiff and Defendant Owens were identical in the two actions.  Second, there is no dispute that the final merits judgment in the 2005 Case was rendered by a court of competent jurisdiction.  Third, the cause of action – namely section 1983 – was alleged in both cases, and the same claims were raised or *could have* been raised in the 2005 Case as in the instant case.  *Eubanks*, 977 F.2d at 169-70; *D-1 Enterprises, Inc. v. Comm. State Bank*, 864 F.2d 36, 38 (5th Cir. 1989) ("Essential to the application of the doctrine of res judicata is the principle that the previously unlitigated claim to be precluded could and should have been brought in the earlier litigation.").  Although Plaintiff did not expressly raise in the 2005 Case his current section 1983 claims for violation of double jeopardy and of his Fourth Amendment rights, he could have done so because they are based on the same facts.  Plaintiff has had a full and fair opportunity to litigate all of the section 1983 claims and issues that he raises in his current suit and, as such, all of those claims are precluded from further review.  *Johnson v. United States*, 576 F.2d 606, 614 (5th Cir. 1978) (stating that "a party who has had a full and fair opportunity to litigate an issue decided in a prior suit may be precluded from relitigating that issue in a subsequent action").  Accordingly, Plaintiff's section 1983 claims should be **DISMISSED WITH PREJUDICE**.² *McConathy*, 131 F.3d at 561-62.

---

² Defendant Owens also argued that Plaintiff's section 1983 claims were barred by the statute of limitations and *Heck v. Humphrey* and that she is entitled to qualified immunity.  Doc. 14 at 4, 8-9, 11-12.  The Court need not reach these arguments – although they do appear to have merit – given the res judicata finding.

*ii. Tort Claims*

The caption of the operative complaint states that Plaintiff is suing Defendant Owens "individually, as former presiding chair of TBPP." Doc. 6-3 at 130. Defendant Owens moves to dismiss Plaintiff's tort claims, arguing that his suit against her individually is barred by the Texas Tort Claims Act ("TTCA") because she cannot be sued for actions that occurred within the scope of her employment. Doc. 14 at 9-10.

Plaintiff responds that whether Defendant Owens was acting within the scope of her employment is a fact issue reserved for a jury's determination. Doc. 17 at 14. He adds that nothing in the pleadings specifies that Defendant Owens was actually acting in the scope of her employment, and there is no factual support for her contention. Doc. 17 at 14.

As Defendant Owens correctly argues, Plaintiff's tort claims cannot succeed because the TTCA compels dismissal of individual-capacity suits against a government employee if the suit is based on conduct within the general scope of that employee's employment, and the suit could have been brought against the governmental unit. TEX. CIV. PRACT. & REM. CODE § 101.106(f). Although he attempts to cloud the issue, Plaintiff is clearly suing Defendant Owens for acts that she took in her capacity as Chair of the TBPP. *See* Doc. 6-3 at 133 ("Defendants willfully detained Plaintiff without his consent past the time he was eligible for parole"); Doc. 6-3 at 133 ("Defendants caused Plaintiff severe emotional distress by unlawfully denying him parole eligibility"); Doc. 6-3 at 133 ("Defendants breached their duty to Plaintiff by illegally stacking his life sentences"). Accordingly, Plaintiff's tort claims against Defendant in her individual capacity should be **DISMISSED WITH PREJUDICE**. *McConathy*, 131 F.3d at 561-62.

9

## IV.     CONCLUSION

For the foregoing reasons, the undersigned recommends that Defendants' motions for dismissal based on Rule 12(c), Doc. 10 & Doc. 14, be **GRANTED** and all claims against both Defendants be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on January 22, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE